LEFKOVITZ et al. v. SHERWOOD.

(Court of Civil Appeals of Texas. April 19, 1911.)

1. MASTER AND SERVANT (§ 313*) — NEGLIGENCE OF SERVANT—INJURY TO THIRD PERSON—LIABILITY.

The negligence of a servant committed in the course of his employment is imputed to the master, and both are liable for injuries to a third person in consequence thereof.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1238; Dec. Dig. § 313.*]

2. APPEAL AND ERROR (§ 216*)—INSTRUCTIONS—FAILURE TO REQUEST INSTRUCTIONS.

A party failing to request a charge to supply an omission in a charge not affirmatively erroneous cannot complain on appeal of the omission.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. §§ 627-641, 662-676.]

3. APPEAL AND ERROR (§ 204*) — QUESTIONS REVIEWABLE—QUESTIONS RAISED IN TRIAL COURT.

Only the objections made in the trial court to evidence can be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1258-1280; Dec. Dig. § 204.*]

4. APPEAL AND ERROR (§ 971*) — QUESTIONS REVIEWABLE—RULINGS ON COMPETENCY OF WITNESS.

The competency of a witness to testify is primarily for the trial judge, and his decision, unless manifestly wrong, cannot be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3852-3857; Dec. Dig. § 971.*]

5. APPEAL AND ERROR (§ 1040*) — HARMLESS ERROR—ERRONEOUS RULINGS ON PLEADINGS.

Where the court charged that plaintiff could not recover on a count in the petition, and the verdict was not based on that count, errors, if any, in overruling exceptions thereto, are immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089-4105; Dec. Dig. § 1040.*]

6. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—EXCLUSION OF EVIDENCE—PROPOSITION.

An assignment complaining of the exclusion of evidence will not be considered on appeal, where the ground of objection to the evidence excluded is not shown by the statement subjoined to the proposition under the assignment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

7. TRIAL (§ 207*)—EVIDENCE—ADMISSIBILITY—INSTRUCTIONS.

Where evidence admissible against one defendant, but inadmissible against codefendant, was received, the court must limit the effects thereof by a special charge, and where it did so the admission of the evidence was not prejudicial to codefendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 498-501; Dec. Dig. § 207.*]

8. MUNICIPAL CORPORATIONS (§ 705*)—OPERATION OF VEHICLES — VIOLATION OF STATUTES—NEGLIGENCE.

That a street on which an automobile was operated at a speed in excess of that fixed by Laws 1907, c. 96, was a race course or speedway, is defensive matter, and, unless proved, the operation of a machine at a speed in excess of that limited by the statute is negligence as a matter of law.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1515-1517; Dec. Dig. § 705;* Highways, Cent. Dig. §§ 459-469.]

9. TRIAL (§ 203*)—ISSUES—INSTRUCTIONS.

An issue raised by the petition and supported by evidence is properly submitted to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 477-479; Dec. Dig. § 203.*]

10. TRIAL (§ 255*)—INSTRUCTIONS—REQUESTS—NECESSITY.

A defendant sued for negligently driving his automobile at an excessive speed against a pedestrian, who desires a charge on the law as to the duty of one overtaking another to pass to the right or left of the person overtaken, must request it, and, in the absence of such request, he cannot complain.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627-641; Dec. Dig. § 255.*]

Appeal from El Paso County Court; Robt. T. Neill, Special Judge.

Action by H. J. Sherwood against Samuel Lefkovitz and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Atlas Jones, for appellants. Jones & Jones, for appellee.

---

*For other cases see same, topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

NEILL, J. This is a suit brought by Sherwood against Joe Walcott and Samuel Lefkovitz to recover damages for personal injuries alleged to have been inflicted upon plaintiff by the defendants' negligence in running him down by an automobile. The substance of plaintiff's first amended original petition, upon which the case was tried, is that on October 20, 1909, defendants were engaged in running a certain automobile car, in which they were partners, upon the streets of El Paso carrying passengers for hire; that on said day, while plaintiff was walking along one of the streets of said city in the part thereof intended for a sidewalk, Joe Walcott, who was operating said car for himself and his codefendant, negligently drove the same at a high rate of speed, running the same against plaintiff, violently striking him, knocking him down, and seriously injuring him. The plaintiff alleged in the alternative that, if defendants were not partners in the operation of the car, it was run by Walcott as Lefkovitz's agent and chauffeur for hire, the latter receiving the proceeds accruing from its use, out of which he paid Walcott his wages for running the same, and that in such event they were jointly and severally liable to him in damages for the injuries so negligently inflicted. The defendants answered by general and special exceptions to plaintiff's petition, a general denial, a plea of contributory negligence, a denial of the alleged partnership in the use and operation of the car, and a special denial that the alleged relation of master and servant existed between them. The case was tried before a jury and resulted in a judgment in favor of plaintiff against both defendants for $300. This appeal is by both defendants from the judgment.

## Conclusions of Fact.

We conclude as matters of fact that the defendants were guilty of the acts of negligence charged in plaintiff's petition; that such negligence was the proximate cause of plaintiff's alleged injuries; that plaintiff was not guilty of any act of negligence proximately contributing to his injuries; and that in consequence of plaintiff's injuries resulting from the negligence of defendants he has been damaged in the amount assessed by the verdict.

## Conclusions of Law.

[1] 1. The first assignment of error complains that "the court erred in refusing to set aside the judgment for the reason that the evidence fails to show that Walcott was either the agent or partner of Lefkovitz."

We think the evidence, though circumstantial, is fully sufficient to warrant the jury in finding that Walcott was Lefkovitz's servant or chauffeur in operating the car when the plaintiff was injured by reason of the former's negligence in operating the machine. The negligence of a servant committed in the course of his employment is imputed to his master; and he, as well as the servant, is liable for damages caused in consequence of it to a third party.

[2] 2. The second assignment of error complains that the court failed in its charge to define "agency." If there were such failure, it was merely an omission—not affirmative error—which could have been supplied by a special charge defining the term. Appellants, having failed to ask such an instruction, cannot be heard to complain here of such omission.

3. There is no assumption in the court's charge that Walcott was the agent or servant of Lefkovitz. On the contrary, the charge directly, clearly, and correctly submits such question to the jury's determination.

4. The objection to the admission of the testimony of the witness Alexander, the admission of which is complained of in the fourth and fifth assignments, did not go to its relevancy, but competency of the witness on account of his lack of knowledge of the facts testified to after refreshing his memory by an inspection of his books.

[3] Though other objections to his testimony are incorporated in the propositions asserted under the assignment, only the one made to the trial court can be considered on appeal.

[4] The competency of the witness to testify to such matters was primarily a question for the judge to determine, and, unless his decision was manifestly erroneous, it cannot be disturbed on appeal. We think it clear that the witness showed a sufficient knowledge of the facts to render him a competent witness to them and render his testimony of some value upon the issue to which it related. The strength of its probative force was a matter for the jury to weigh and determine.

[5] 5. Inasmuch as it is apparent from the record that the verdict was not based upon the third count in plaintiff's first amended petition, it is immaterial whether the court erred in overruling the exception urged by defendants to it or not. Besides, the court peremptorily instructed the jury that the plaintiff could not recover on that count.

[6] 6. The ground of plaintiff's objection upon which certain testimony of the witness Alexander was excluded is not shown by the statement subjoined to the proposition under the seventh assignment, which complains of its exclusion. Therefore, the assignment will not be considered.

[7] 7. When, as in this case, there is testimony which is admissible against one defendant and not admissible as against the other, the proper practice is to limit its effect by a special charge to the one who may be affected by such evidence. This practice was observed in this instance. Therefore Lefkovitz was not prejudiced by the declarations of Walcott in evidence, for, under

such limitation, the declarations could only be considered as evidence against the declarant, and not as against his codefendant. Teleg. Co. v. Seals, 45 S. W. 964.

[8] 8. The eighth assignment complains of the fourth paragraph of the charge, which is: "You are instructed that the undisputed evidence offered in this case shows that Alameda avenue, where the accident occurred, is a public street. You are instructed that it would be negligence on the part of Walcott to operate an automobile on that street, where he was operating it immediately before and at the time the accident occurred, at a greater rate of speed than 18 miles an hour." The ground of complaint is that the evidence fails to show that the street where the accident occurred was not "a race course or speedway." If it was a race course or speedway, it would be a matter of defense for one operating the automobile at a greater rate of speed than 18 miles an hour along a public street to allege and prove. Acts 30 Leg. § 2, pp. 193, 194. There were no such defensive allegations nor proof. Hence the operation of the car at a greater rate of speed than that limited by statute was negligence as a matter of law, and it was proper for the court to so instruct the jury.

[9] 9. It is complained by the tenth assignment that the court erred in its charge in leaving it to the jury to determine whether the failure of Walcott to sound a horn or whistle was negligence. The plaintiff having alleged such failure as a ground of negligence causing his injuries, and there being evidence tending to support such allegation, it was within the exclusive province of the jury to determine whether it was negligence or not. Therefore such issue was properly submitted by the court in its charge.

[10] 10. The eleventh assignment of error complains that the "court failed to charge the law as to the duty of one overtaking another to pass to the right or left of the person overtaken." If defendants wanted a charge on this subject, they should have requested it, and, in the absence of such request, they should not complain.

There is no error in the judgment, and it is affirmed.