TEXAS & P. RY. CO. v. MARTIN BROS.
(No. 335.)

(Court of Civil Appeals of Texas. El Paso.
May 21, 1914. Rehearing Denied
June 11, 1914.)

JUDGMENT. (§ 106*)—DEFAULT—FAILURE TO
REPLY—EFFECT.

Under Rev. St. 1911, art. 1829, as amended by Acts 33d Leg. c. 127, providing that, if any special matter of defense shall be pleaded by defendant, plaintiff shall answer each paragraph, admitting or denying it, or denying knowledge or information sufficient to form a belief, and that any fact so pleaded and not denied shall be taken as confessed, where, in an action against a carrier for delay in transportation of cattle, plaintiff did not reply to the allegations of the answer that the delay was due to an accidental blocking of defendant's road by a wrecked train without its fault or negligence, that the cattle were in better condition when they reached their destination, due to the carrier unloading, feeding, and watering them, than they would have been had they gone through in the usual time, that they brought a better price than they would have brought had they reached their destination without delay, and that the carrier exercised due care and diligence to guard against the delay, and to secure the safety of the cattle, defendant was entitled to judgment by default: since the matters pleaded, if true, defeated liability, and, their truth having been confessed, defendant was not required to produce proof thereof.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 160, 162, 180–197; Dec. Dig. § 106.*]

Appeal from Ector County Court; E. V. Graham, Judge.

Action by Martin Bros. against the Texas & Pacific Railway Company. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Jno. B. Howard, of Midland, and W. L. Hall and R. S. Shaphard, both of Dallas, for appellant. Frank Judkins, of Odessa, for appellees.

HARPER, C. J. Martin Bros. a firm composed of W. A., and E. S., and John I. Martin, appellees and plaintiffs below, filed this suit in the county court of Ector county against the Texas & Pacific Railway Company, appellant and defendant below, for the sum of $400, and interest at the rate of 6 per cent. from December 17, 1912, damages for injuries alleged to have resulted from the shipment of 71 head of grown cattle and 211 head of calves from Metz, Tex., to Ft. Worth, Tex. Said injuries and damages alleged to have resulted from the negligent delays upon the part of appellant, in their transportation.

Appellant answered by general exception, and by special exception, general denial, and specially answering that they especially denied all matters and things alleged in paragraph 6 of appellees' first amended original petition, and in that connection answered under oath, viz.: That the appellees did tender to the appellant six cars of cattle, and that said cattle were received by said appellant at Metz, and were loaded into the cars of appellant about 9:30 p. m., December 14, 1912, at said Metz station, and that they were speedily transported over the line of appellant's railroad until the cattle reached Baird, without any unnecessary delays or rough handling. That the cattle left Metz at 12:45 a. m., December 15, 1912, and reached Baird on the same date at 3:25 p. m., which run was a reasonably good run, and that there were no delays, except such as were necessary and attendant upon the transaction of its business. That upon said December 15th, at about 7 a. m., one of the appellant's passenger trains was derailed and wrecked, without any fault or negligence upon the part of appellant, at or near Chautauqua, a station upon its line a few miles east of Baird, and that by reason of said wreck the main line of appellant was blocked, and it was unable to move trains until the same was cleared, which was done as soon as could have been done, with unusual dispatch and quickness, and that said wreck was an accident and unavoidable, and was not caused by any fault or negligence of appellant. That, when appellees' cattle reached Baird, appellant's main line was blocked, and that it would necessitate many hours to clear said line, and that your appellant unloaded appellees' cattle in its stock pens at Baird, and had the same fed, watered, and rested, in good and sufficient pens. That there were a great number of cattle being transported to market in their yards at Baird, and that as soon as the line was cleared the cattle of

the appellees were reloaded and shipped out with dispatch, and reached Ft. Worth, their destination, at 9:55 p. m., December 16, 1912. That the appellees entered into a contract with this appellant, and a stipulation in said contract was as follows:

"Fifth. That the said shipper, for the consideration aforesaid and hereinafter stated, hereby assumes and releases said carrier from risk, injuries, or loss which may be sustained by reason of any delay from the transportation of said stock, caused by any mob, strike, threatened or any actual violence to person or property from any source, failure of machinery or cars, injury to track or yards, storms or floods, escape or robbery of any of the said stock, overloading cars, fright of animals or crowding upon one another, or any and all other causes, except negligence of the carrier. Such negligence shall not be presumed."

That said contract was valid, and that appellant never agreed to transport said cattle for any certain market or for any certain time, but did agree to transport said cattle with ordinary dispatch. That the cattle were transported with dispatch, and were not delayed and not retained in its cars for any unnecessary time, and that the delay caused by said wreck was an accident, and was through no fault or acts of negligence upon the part of this appellant, or any of its servants, agents, or employés, and could not have been avoided by any degree of care whatever.

That the said cattle were reloaded and shipped out of the Baird pens with dispatch and as quickly as could be done under the circumstances, and that all cattle which were delayed or held in the pens at said Baird by reason of said wreck reached their destination in time for the market of the 17th, and that the said market of the 17th was as good, or better, than the market of the 16th, the day the cattle would have reached said market if they had not been delayed by said wreck. That the delay was inevitable, and was caused by a wreck, without any negligence upon the part of the appellant, and that appellant was not liable for any shrinkage in said cattle, and that the cattle were in better condition when they arrived at their destination, by reason of the fact that they had been fed, watered, and rested at Baird, than they would have arrived at Ft. Worth without the rest and feed at Baird.

Appellees replied by supplemental petition as follows:

"Plaintiffs except to defendant's answer herein, and say the same is insufficient in law, and constitutes no defense, and they pray judgment of the court."

The case went to trial on November 22, 1913, and on the same date resulted in a verdict and judgment in favor of appellees for $400, and interest at the rate of 6 per cent. from the date of the judgment. From said judgment the Texas & Pacific Railway Company has appealed.

Appellant's first, second, and fourth assignments charge that the trial court erred: (1) In refusing its special instruction to return a verdict for defendant; (2) in overruling motion for new trial, based upon two propositions, viz.: The defendant having pleaded specially that the delay in the shipment was caused by unavoidable accident, and the plaintiff not having answered by admitting or denying same, as required by article 1829, Rev. Civ. Stat. 1911, as amended by Acts of 33d Legislature, c. 127, p. 256, same is taken as confessed; and, the plaintiffs having based their right to recover solely upon alleged delays at Metz and Baird, and the uncontradicted testimony being that the delay at Metz was due solely to plaintiffs, and the delay at Baird to an unavoidable accident, plaintiff was not entitled to recover.

In causes filed prior to the time this act went into effect, article 1829, Rev. Civ. Stat. 1911, imposed a general denial for plaintiff of special matters of defense pleaded by defendant unless expressly admitted (M., K. & T. Ry. Co. v. Gober, 125 S. W. 383; Postal Telegraph Cable Co. v. Harris, 56 Tex. Civ. App. 105, 121 S. W. 358), except article 1828, Rev. Civ. Stat. 1911, provides that:

"When the defendant sets up a counterclaim against the plaintiff, the plaintiff may plead thereto under the rules prescribed for the pleadings of defensive matter by the defendant so far as the same may be applicable; and whenever, under such rules, the defendant is required to plead any matter of defense under oath, the plaintiff shall in like manner be required to plead such matters under oath, when relied on by him."

Article 1829 (11), supra, as amended, provides that, if any special matter of defense shall be pleaded by the defendant, the plaintiff shall be required to answer each paragraph, either admitting or denying the cause, or denying that he has any knowledge or information thereof sufficient to form a belief; and any fact so pleaded by the defense that is not denied by the plaintiff shall be taken as confessed.

From the foregoing it may be seen that, while heretofore the *plaintiff's* allegations were taken as confessed, unless denied by defendant, enabling a judgment by default, the statute, as revised, simply puts the defendant in the same position or attitude of the plaintiff under the law as it formerly was; i. e., unless plaintiff denied the special matters of defense pleaded by defendant, the defendant takes judgment by default as to such matters, because plaintiff, in failing to deny, has confessed the truth of the allegations. The question to determine is: Has the defendant pleaded any "special matter of defense?" Defendant in its answer pleaded: (1) That accidental blocking of its road by wrecked freight train, which was not caused by any fault or negligence of the carrier; (2) that the cattle were in better condition when they reached their destination than they would have been had they gone through on the usual time; (3) that they brought a better price on the 17th than they would have brought had they reached their destina-

tion in time for the market of the 16th; (4) and, further, that it exercised due care and diligence to guard against the delay, and to secure the safety of the cattle.

It is well settled that, if the matters pleaded were true, the defendant will not be held liable for the delay in the delivery (G., C. & S. F. Ry. Co. v. Levi, 76 Tex. 341, 13 S. W. 191, 8 L. R. A. 323, 18 Am. St. Rep. 45); and, since the effect of plaintiff's failure to deny, as required by statute, is to confess the truth of the allegations, the defendant was not required to produce any proof of the allegations in order to avail itself of such defenses.

The other assignments complain of the action of the court in refusing to give certain special charges requested by appellant.

The general charge of the court was sufficient upon the points raised in the special charges requested; so the assignments are overruled.

For the reasons given, the cause must be reversed and remanded for a new trial, and it is so ordered.