The judgment is reversed, and the cause remanded.

---

TEXAS & P. RY. CO. v. MARTIN BROS.
(No. 415.)

(Court of Civil Appeals of Texas. El Paso. March 18, 1915. · Rehearing Denied April 15, 1915.)

1. APPEAL AND ERROR ☞971—OPINION EVIDENCE—COMPETENCY OF WITNESS—DISCRETION OF TRIAL COURT.

The competency of a witness to testify as an expert is primarily for the trial court, and its decision will not be disturbed unless manifestly erroneous.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3852–3857; Dec. Dig. ☞ 971.]

2. EVIDENCE ☞543½—OPINION EVIDENCE—COMPETENCY OF WITNESS.

A witness, who testified that he had had 13 years' experience with cattle, and that from this experience as a shipper and dealer knew how much more his cattle would have brought if they had been transported without delay than they did bring, was competent to give his opinion of the extra shrinkage in the cattle caused by delay.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2359; Dec. Dig. ☞543½.]

3. EVIDENCE ☞533 — OPINION EVIDENCE — CONCLUSION OF WITNESS.

The testimony of a witness qualified to express an opinion that a shipment of live stock shrunk in weight a specified number of pounds per animal is not objectionable as a conclusion of the witness, but is admissible as an opinion.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2341; Dec. Dig. ☞533.]

4. CARRIERS ☞229 — TRANSPORTATION OF LIVE STOCK — DELAY — MEASURE OF DAMAGES.

Where there is negligent delay in transporting cattle, the measure of damages is the difference between the amount received for them and the amount which would have been received had they reached the market on time.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 930, 963, 964; Dec. Dig. ☞229.]

5. CARRIERS ☞227 — TRANSPORTATION OF LIVE STOCK — DELAY — EVIDENCE — SUFFICIENCY.

A shipper suing a carrier for negligent delay in transporting live stock need only prove delay and resulting injury, and the carrier must plead and prove facts excusing the delay.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 232, 953–956; Dec. Dig. ☞227.]

Appeal from Ector County Court; E. V. Graham, Judge.

Action by Martin Brothers against the Texas & Pacific Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Jno. B. Howard, of Pecos, and Geo. Thompson and R. S. Shapard, both of Dallas, for appellant. Frank Judkins, of Odessa, for appellee.

HARPER, C. J. Martin Bros. instituted this suit against the Texas & Pacific Railway Company for damages for injuries to certain cattle alleged to have resulted from negligent delays in their transportation to market. This is the second appeal of this case. The former opinion, reported in 167 S. W. 792, is referred to for a more complete statement of the contentions of the parties.

The first assignment reads:

"The court erred in overruling the defendant's motion to render judgment for it, because a judgment by default should have been rendered in favor of the defendant upon the pleadings and evidence, in that the court found the only negligible delay chargeable to the defendant was the delay at Baird, and the defendant in its sworn answer specially denied such delay was caused by or through any negligence upon its part and stated the facts which caused such delay, and the said facts so stated excused the said delay at Baird as a matter of law, and the plaintiff filed no controverting pleadings denying the facts as pleaded by the defendant, or showed or offered to show any evidence controverting the facts as alleged by the defendant."

It is overruled, because the record shows that the defensive matters pleaded were specifically denied by plaintiffs.

[1, 2] The second assignment reads:

"The court erred to the injury and prejudice of the defendant in permitting the plaintiff, Will A. Martin, while upon the stand as a witness in his own behalf, to testify, over the objection of defendant, that: 'From my experience as a shipper I estimate that the extra shrinkage in my cattle would be from 20 to 25 pounds per head and the calves about one-half that.' Because the witness had not qualified to give an expert opinion, that such estimate was an opinion, and it was not shown that the witness had ever weighed any cattle before being shipped, and he could not have known what the shrinkage would be unless he had have done so, and any estimate based upon guesswork was wholly an opinion and could not be based upon knowledge and was mere speculation; that the proper predicate was not made for the introduction of this testimony, if it had have been

shown that the witness was qualified to give such testimony."

The bill of exceptions was approved with the following statement by the trial judge:

"The foregoing bill of exceptions is approved subject to the following qualification: The witness had testified without objection from defendant 'that, he had had 13 years' experience with cattle, that from this experience as a shipper and dealer in cattle knew what his damage would be, knew how much more his cattle would have brought if they had arrived without delay, than they did bring.' The same testimony was drawn from the witness by the defendant on their cross-examination."

The competency of the witness to testify to such matters was primarily a question for the judge to determine. Unless his decision was manifestly erroneous, it cannot be disturbed on appeal.

The statement by the court shows that the witness had sufficient knowledge of the facts to render him a competent witness. Lefkovitz v. Sherwood, 136 S. W. 850.

The third assignment is overruled for the same reason as the second.

[3] The fourth assignment reads as follows:

"The court erred to the injury and prejudice of the defendant in permitting the plaintiff, Will A. Martin, while upon the stand as a witness in his own behalf, to testify over the objection of the defendant that: 'Practically speaking, I think that this shipment shrunk on the cows from 85 to 95 pounds, and from 30 to 40 on the calves; that is, pounds per animal. I counted 20 to 25 pounds more per hundredweight to 25 cents more per hundredweight, if they had gone through without this 21 hours delay at Baird.' Because this answer is a conclusion of the witness, and it was the province of the court to state what the damage was after the witness had stated the facts. This defendant could not be charged with what the witness 'counted on.' He should have stated the facts and let the court have done the counting in rendering his judgment, this being shown by defendant's bill of exception No. 4."

We cannot agree with appellant that this is the statement of a conclusion, but is clearly an opinion from a witness who has qualified to express it. Its probative force was for the court, and this was not the only witness who testified to the same effect.

[4] The fifth assignment of error reads as follows:

"The court erred in the following findings of facts: 'That the reasonable market value of said cattle at said time, on the market at Ft. Worth, was the sum of $5,610.' Because there is no competent evidence in the record to base said findings of fact upon."

The finding as it appears in the record has no bearing upon any issue in this case. It is that the cattle were of the above value on the day they were shipped. The question in this case is: What did plaintiff lose by reason of the delay in shipment? What was the difference between the amount received on the 17th and that which would have been received had the cattle reached the market 21 hours earlier. The court has found this amount to be $330, and there is sufficient evidence in the record to sustain the finding.

[5] The sixth assignment reads as follows:

"The court erred in finding the following fact: 'That said delay was caused by the negligence of the defendant.' Because there was no evidence to support the finding, that negligent delay will not be inferred, but must be proven as other facts."

All that the plaintiff was required to prove was the delay which caused injury to the cattle. If there is an unreasonable delay, and there is a cause for it which would in law excuse, the facts are peculiarly within the knowledge of the defendant carrier and its agents, and the rule is that it is incumbent upon the carrier to plead and prove it. G., H. & S. A. Ry. Co. v. Levi, 76 Tex. 337, 13 S. W. 191, 8 L. R. A. 323, 18 Am. St. Rep. 45.

A simple setting up of a defense, as contended in the seventh assignment, is not sufficient, especially where the plaintiff by amendment specifically controverts the allegations upon which the defense is based, as was done in this case.

The eighth and ninth assignments of error are in effect that the evidence does not support the verdict.

The evidence is sufficient to sustain the judgment of the lower court.

Finding no error in the record, the cause is affirmed.