## REXALL DRUG CO. et al. v. BUTLER BROS. (No. 8351.)

(Court of Civil Appeals of Texas. Ft. Worth. March 25, 1916. Rehearing Denied May 6, 1916.)

1. CORPORATIONS ☞672(4)—FOREIGN CORPORATIONS—ACTION—PERMIT TO DO BUSINESS—PLEADING AND PROOF.

The petition alleging plaintiff to be a foreign corporation, it must, to authorize entry of judgment for it, not only allege, but prove, what the statute makes a condition precedent to sue, that it had a permit to do business in the state at the time of the sale therein by it of goods for price of which the action is brought.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2646–2648; Dec. Dig. ☞672(4).]

2. PLEADING ☞129(2)—DENIAL IN ANSWER.

Statement of the answer, that defendant denies in toto each and every allegation and each

and every paragraph in the petition, is a sufficient denial of the allegation of the petition of a foreign corporation that it had a permit to do business in the state to prevent it being taken as confessed under Acts 33d Leg. c. 127, § 4 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1902).

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 271, 273; Dec. Dig. ☞129(2).]

3. PLEADING ☞409(1) — ABSENCE OF DENIAL IN ANSWER—WAIVER.

Failure of plaintiff to request the court that an undenied allegation of the petition be taken as confessed is a waiver of the result, under the act of 1913, that it shall be taken as confessed, unless denied.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1375, 1377, 1379–1383; Dec. Dig. ☞409(1).]

Appeal from Wichita County Court; Harvey Harris, Judge.

Action by Butler Bros. against the Rexall Drug Company and others. Judgment for plaintiff, and defendant Annie Will Massie appeals. Reversed and remanded.

Bonner & Bonner, of Wichita Falls, L. Jas. Marks, of Electra, and B. K. Goree, of Ft. Worth, for appellant. Smoot & Smoot, of Wichita Falls, for appellee.

CONNER, C. J. The appellees, Butler Bros., instituted this suit against E. B. Massie and his wife, Annie Will Massie, alleged to have been doing business under the name of the Rexall Drug Company, to recover upon a verified account for merchandise in the sum of $250, alleged to have been sold to the defendants in the suit. Briefly stated, the defendant E. B. Massie denied liability on the ground that in the purchase he was but an agent, and Annie Will Massie denied liability on the ground of coverture, which she pleaded. The trial resulted in a judgment for the plaintiff, and the defendant Annie Will Massie has appealed.

[1] The questions presented in the original brief of the appellants relate to the issues indicated by the defendants' pleas as above stated; but our attention has been called to an error that is fundamental, and that will require a reversal of the judgment, without reference to other questions involved. In the plaintiff's original petition, upon which the case went to trial, it was, among other things, alleged:

"That the plaintiff is a corporation duly incorporated under the laws of the state of Illinois, and having a permit to do business in the state of Texas, with its principal office in Texas at Dallas, Dallas county, Texas, and that the defendants are both resident citizens of Wichita county, Texas, doing business as the Rexall Drug Company."

The statement of facts accompanying the transcript has been carefully examined, and we find an entire absence of evidence to support the quoted allegations of the plaintiff's petition. The plaintiff being, as alleged, a corporation incorporated under the laws of another state, was, under our statutes, required to make the further allegation that as such it had "a permit to do business in the

state of Texas." See Chapman v. Hallwood Cash Register Co., 32 Tex. Civ. App. 76, 73 S. W. 969, and authorities there cited. It was equally imperative, in order to justify a recovery in the plaintiff's favor, that proof of the fact so alleged should be made. See Taber v. Interstate B. & L. Ass'n, 91 Tex. 92, 40 S. W. 954, by our Supreme Court, where the precise question was presented on certificate and determined. It was there stated that:

"Every state has the right to prescribe the terms upon which any corporation created in another state or foreign country may do business within its limits, and may exclude such corporations entirely, with the exception of corporations engaged in interstate commerce, or such as are employed by the United States in the transaction of its business. Under this rule of law—about which there is no controversy—this state had the right to adopt such measures as it thought fit to enforce the provisions of its law which required foreign corporations to deposit the articles of their incorporation with the secretary of state. And the Legislature having seen fit to prescribe as a condition to the maintenance of suits in its courts that such compliance should precede the transaction of business in the state, it follows that the filing of its articles of incorporation with the secretary of state is a condition precedent to the maintenance of suit upon any contract or right of action accruing to such foreign corporation; and, it being a condition precedent, the fact must be both alleged and proved, to entitle the corporation to judgment in such case."

The Supreme Court accordingly answered the certificate by ruling:

"That it was necessary for the corporation (plaintiff below) to prove that it had a permit to do business in Texas at the time that the contract sued upon was made in order that the court might enter judgment in its favor."

In that case, as here, it had been alleged that the plaintiff was a private corporation duly incorporated and doing business under the laws of another state. So that the decision is undoubtedly applicable in the case before us.

[2, 3] Appellee, however, insists in substance that the authorities noted have no application for the reason that its allegation of a permit to do business within the state of Texas was not denied under oath in the pleadings of the defendant, and that therefore, under the familiar act of 1913 (Laws 1913, c. 127, § 4, amending Rev. St. 1911, § 1902), it must be taken as confessed. But while in the pleadings of the defendant we find no specific denial of the allegation, we do find that Annie Will Massie filed a separate answer in which appears an independent paragraph, which reads:

"Defendant, further answering, denies in toto each and every allegation and each and every paragraph in said petition contained."

The answer in which the paragraph quoted appears was duly verified by Annie Will Massie, and it cannot, therefore, be said, we think, even under the act of 1913, that the allegation that the plaintiff had a permit to do business in the state of Texas must be taken as confessed. Moreover, the record exhibits no request in the court below on appellee's part that the allegation should be taken as confessed, which failure, as has been a number of times held, amounted to a waiver of the requirement of the statute invoked. See G., H. & S. A. Ry. Co. v. Pennington, 166 S. W. 464; T. & P. v. Martin Bros., 167 S. W. 792; T. & P. Ry. Co. v. Tomlinson, 169 S. W. 217. And if it be admitted, as appellee further contends, that the decision in the Taber Case had no application to interstate shipments, we think the statement of facts before us plainly shows that the goods, for the value of which the plaintiff in this case sued, were bought, sold, and transported in Texas.

We accordingly conclude that the judgment below must be reversed, and the cause remanded.