CURETON, C. J. Opinion of the Commission of Appeals adopted, and mandamus awarded.

---

**DAVY BURNT CLAY BALLAST CO. v. ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS. (No. 800–4460.)**

(Commission of Appeals of Texas, Section A. June 16, 1926.)

1. **Appeal and error** &#9740;1176(6)—**Court of Civil Appeals erred in dismissing suit on reversing judgment solely for corporation's failure to allege and prove permission to do business in state (Rev. St. 1925, art. 1856).**

Under Rev. St. 1925, art. 1856, Court of Civil Appeals erred in dismissing case on reversing judgment for plaintiff corporation for failure to allege and prove permission to do business in state, but should have remanded cause to district court to permit amendment of complaint.

2. **Appeal and error** &#9740;1082(2), 1114.

Supreme Court is without jurisdiction of assignments of error, not considered by Court of Civil Appeals, which dismissed case on independent ground, and, on reversing judgment, must remand cause for consideration of such assignments.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by the Davy Burnt Clay Ballast Company against the St. Louis Southwestern Railway Company of Texas. A judgment for plaintiff was reversed and the case dismissed by the Court of Civil Appeals (273 S. W. 630), and plaintiff brings error. Judgment of the Court of Civil Appeals reversed, and cause remanded.

---

Wm. C. Greatman, of Chicago, Ill., and Cox, Fulton & Dickey, of Wichita Falls, for plaintiff in error.

E. B. Perkins, W. B. Hamilton, and J. E. Gilbert, all of Dallas, for defendant in error.

BISHOP, J.  The plaintiff in error, Davy Burnt Clay Ballast Company, instituted this suit against the St. Louis Southwestern Railway Company of Texas to recover judgment on certain contracts executed by the parties whereby plaintiff in error agreed to burn and furnish burnt clay ballast to be used by the railway company on its line of railway, and for which the railway company agreed to pay the amount specified in said contracts. The ballast company in its petition alleged that it was a private corporation organized and existing under and by virtue of the laws of the state of Wisconsin, and that the ballast was burned and furnished by it to the railway company under its contract within the state of Texas. It did not allege that there had been issued to it a permit to do business in this state.

The railway company excepted to the sufficiency of the petition and filed answer joining issue on the facts alleged. The exception was overruled by the district court, and on trial on the merits the court instructed a verdict for the ballast company and rendered and entered judgment on the verdict returned.

The railway company appealed, assigning errors on the acts of the court in overruling its exception, excluding evidence offered by it, and in directing a verdict against it. It also urged other assignments not necessary here to mention. The Court of Civil Appeals reversed the judgment and dismissed the case, holding that, as the ballast company had neither alleged nor proved that it had been granted permission to do business in this state, it was not entitled to maintain this suit, but did not consider any assignment other than those attacking the judgment on the ground that the ballast company, being a foreign corporation, could not maintain its suit without alleging and proving that it was under the law permitted to do business in the state of Texas. 273 S. W. 630.

[1] The Court of Civil Appeals should have reversed the judgment and remanded the cause to the district court. Its judgment dismissing the case is erroneous. Article 1856, R. C. S. 1925, is as follows:

"When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial. (Acts 1st C. S. 1892, p. 25; G. L. vol. 10, p. 389)."

Had the district court sustained the exception to the petition, the ballast company would have had the right to amend and allege that a permit had been issued to it by the secretary of state to transact business in this state. That court could not have lawfully deprived it of this right. It must have its opportunity to amend before the court would be warranted in dismissing its suit.

[2] We have concluded that the proper disposition to be here made of this case is controlled by the opinion on rehearing in the case of Mills v. Mills, 111 Tex. 265, 231 S. W. 697, in which Chief Justice Phillips, speaking for the court, says:

"It has come to our attention that the Court of Civil Appeals in its disposition of the case did not consider certain assignments of error presented by the appellant there relating to the admissibility of certain testimony, but reversed the judgment of the District Court upon another and independent ground.

"The Supreme Court is without jurisdiction of the assignments of error relating to this testimony, and the Court of Civil Appeals should not be denied the opportunity of determining them."

We therefore recommend that the judgment of the Court of Civil Appeals dismissing the case be reversed, and the cause remanded to that court in order that in remanding the cause to the trial court necessary directions may be given on those questions which may arise on another trial.

CURETON, C. J.  Judgment of the Court of Civil Appeals reversed and cause remanded to the Court of Civil Appeals, as recommended by the Commission of Appeals.