BROOCKS v. MOSS et al. (No. 72–2836.)

(Commission of Appeals of Texas, Section A. May 28, 1919.)

1. LOGS AND LOGGING ⬤⟿3(7) — TIMBER DEEDS—CONSTRUCTION.

Deeds of conveyance of standing timber, like other contracts, should be construed in such manner as to carry out the real intention of the parties.

2. LOGS AND LOGGING ⬤⟿3(11)—CONVEYANCE OF STANDING TIMBER—CONSTRUCTION.

A deed of standing timber which gave the grantee the right to cut and remove the timber within a specified time, and an additional term or so much thereof as might be required, on payment of a specified sum, gave the grantee title only to such timber as was cut and removed within the period fixed.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by Jack Moss and another against John H. Broocks and others. There was a

judgment for plaintiff, and, it having been affirmed in part and reversed and rendered in part by the Court of Civil Appeals (175 S. W. 791), the named defendant brings error. Judgment of the Court of Civil Appeals affirmed.

Thomas & Wheat, of Woodville, and V. A. Collins, of Beaumont, for plaintiff in error.

Mooney & Shivers, of Woodville, for defendants in error.

STRONG, J. On August 16, 1905, Jack Moss and his wife sold to H. P. Weir the standing timber on 331 acres of land in Tyler county. The deed conveying the timber, omitting the formal parts and the description, is as follows:

"For and in consideration of the sum of nineteen hundred and eighty-six dollars to us in hand paid by H. P. Weir, of San Augustine county, Tex., have granted, sold, and conveyed, and by these presents grant, sell, and convey, unto the said H. P. Weir, all of the timber now standing and growing on three hundred and thirty-one (331) acres of land situated in the county of Tyler, state of Texas. [Here follows description of land.]

"It is further agreed that the said H. P. Weir, or his assigns, shall have from this date three (3) years in which to cut, fell, and remove said timber, from said land as above described, and if at the expiration of said three (3) * * * the said H. P. Weir, or his assigns, have not cut and removed said timber an additional term of two (2), or so much thereof as may be required, is to be granted on payment of 10 cents per acre per annum for each additional year that may be taken to remove said timber beyond the time originally granted in this contract.

"And it is further agreed that the said Weir, or his assigns, shall have the only and exclusive right to build upon said land a tramroad, wagon road, and railroad, a right of way 60 feet wide is hereby granted for said railroad or tramroad to remove said timber and timber on tracts adjacent and beyond, provided that said railroad, tramroad, or wagon road shall not run through any of the cultivated land without special agreement. The said Weir, or his assigns, shall pay the taxes upon the timber on the land hereby conveyed which accrues on and after January 1, 1907. After the timber on said land has been cut off and all improvements, such as railroads or tramroads, removed, then all rights to said Weir, or his assigns, shall be forfeited.

"To have and to hold, all and singular, the above-described timber, with all the rights thereto, unto the said Weir or his assigns; and we do hereby bind ourselves, our heirs, our executors and administrators, to warrant and forever defend the title to said timber against the claims of each and every person whomsoever lawfully claiming or to claim the same, or any part thereof."

While the deed recites that Weir should have three years from its date in which to cut and remove the timber and the additional time of two years on the conditions stated in the deed, it is admitted that the real agreement was that Weir should have five years from the date of the deed to cut and remove the timber and two years additional by paying 10 cents per acre per annum. Plaintiff in error acquired Weir's title to the timber by written conveyance January 2, 1906.

[1, 2] The only question for determination is: Does the deed from Moss to Weir convey an estate in fee in the timber and for sustenance thereof an interest in the soil, or does it convey title to such timber only as was severed from the soil within seven years from the date of its execution? Deeds of conveyance to standing timber, like other contracts, should be construed in such manner as to carry out the real intention of the parties. Houston Oil Co. v. Boykin (Sup.) 206 S. W. 815. The deed under consideration expressly limits the time for the removal of the timber from the land. The clause in the deed stipulating that the timber be removed within the time fixed clearly shows the intention of the parties to place a limitation upon the extent and duration of the rights granted thereunder. The further provision that, "after the timber on said land has been cut off, * * * then all timber rights to said Weir, or his assigns, shall be forfeited," must be construed in connection with the clause limiting the time for removal of the timber, and, when so construed, does not have the effect of extending the time for removal, but more clearly evidences the intention to pass the title to such timber only as was removed within the time limited. In the case of Carter v. Lumber Co. (Civ. App.) 149 S. W. 278, Judge Levy, in construing a deed to standing timber, containing a time limit clause for removal, said:

"Having agreed to a limitation upon the right of removal, then the right of the purchaser to the timber is acquired by the act of removal and appropriation; and, as appropriation of the timber as such is dependent upon the removal from the soil, the intention of the parties would appear to be a contract of sale of such timber only as is removed within the time limited."

We think it clear under the language of the deed that Weir acquired title to such timber only as was cut and removed within seven years from the date thereof. Houston Oil Co. v. Boykin (Sup.) 206 S. W. 815; Carter v. Lumber Co., supra; Lumber Co. v. McWhorter (Civ. App.) 156 S. W. 1152.

We are of opinion that the judgment of the Court of Civil Appeals should be affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.