## HOYLE & RARICK CLOTHING CO. v. HAND. (No. 10450.)

Court of Civil Appeals of Texas. Dallas. Nov. 2, 1929.

Rehearing Denied Nov. 23, 1929.

Hughes & Monroe, of Dallas, for plaintiff in error.

Allen & Allen, of Dallas, for defendant in error.

LOONEY, J. ■ This appeal is prosecuted without a statement of facts, hence the only question for our consideration is as to the sufficiency of the pleadings to support the judgment.

■ Plaintiff alleged, in substance, that he and defendant corporation entered into a contract whereby defendant agreed to transfer and deliver to him for collection certain outstanding past-due accounts owing it by various individuals; that he was to receive 50 per cent. of all money collected on said accounts, whether payments were made by debtors direct to him or to the office of defendant. Plaintiff alleged that he visited these debtors, secured payment of some accounts, and promises of payment of others, and had so worked up the business that he had the accounts in fine shape, and at this juncture defendant, without reason, attempted to take the accounts from him, wrote some of the debtors forbidding them to make payments to him, and that by reason of this interference plaintiff was prevented from collecting $1,074.65, which he could and would have collected, thereby causing him to suffer a loss of one-half of that amount, to wit, $537.32.

The petition also contains a plea for exemplary damages, but that phase of the case was not submitted to the jury, and will not be further mentioned.

Plaintiff's petition, in our opinion, stated a cause of action good as against general demurrer. On proper submission, the jury found that defendant did not have sufficient cause for discharging plaintiff; that he could have reasonably collected on said accounts, if he had not been discharged, the sum of $375; that after his discharge he collected on said accounts the sum of $45, for which no accounting had been made to defendant. The court thereupon rendered judgment in favor of plaintiff against defendant for $165, being $187.50, one-half the amount plaintiff was prevented from earning by being wrongfully discharged, less $22.50, one-half of $45.00, collected after the discharge, and not accounted for.

Plaintiff in error presents a splendid brief based altogether on what purports to be the written contract between the parties, arguing cogently and plausibly that, by its very terms, the contract was terminable at the will of either party, with or without cause, and that defendant's obligation to pay commissions on collections ceased on the contract being terminated either by discharge or resignation; and further that the contract was lacking in mutuality, therefore was terminable at the will of either party.

These propositions are entertainingly discussed by counsel for plaintiff in error, but we are not at liberty to give any consideration whatever to same, because the instrument, that is, the written contract between the parties, the basis for these contentions, is not presented to us in a statement of facts, or in any manner to permit its consideration.

■ As the petition stated a cause of action, the presumption will be indulged, in the absence of a statement of facts, that all material allegations were sustained by evidence; therefore the judgment below is affirmed.

Affirmed.