STATE OF TENNESSEE *v.* BOWLIN SMITH.

(*Jackson*, April Term, 1932.)

Opinion filed March 5, 1932.

A. G. EWING and W. F. BARRY, JR., Assistant Attorney-General, for plaintiff in error.

HU C. ANDERSON, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

In this case the trial judge quashed an indictment based on chapter 33 of the Acts of 1931 and the State has appealed.

The caption and section 1 of the Act are as follows:

"A BILL to be entitled an Act to prohibit any person engaged in the burial insurance business from carrying on or operating either directly or indirectly funeral home, undertaking establishment, funeral director or cemetery.

"Section 1. Be it enacted by the General Assembly of the State of Tennessee, That any person, firm or corporation engaged in the business of burial insurance, or the burial insurance association business, shall be and is hereby prohibited from engaging in, carrying on or operating the business of burying the dead, either through themselves or through others; and that the business of burying the dead shall include the operation of funeral homes, undertaking, embalming or burial of the dead, or directing funerals, funeral establishments or cemeteries, or owning or operating cemeteries for the burial of the dead; provided that this Act shall not apply to any policy issued before this Act becomes effective."

It was insisted below that this Act was unconstitutional in that its body was broader than its caption, violating Section 17 of Article II of the Constitution, and in that it effected an arbitrary and unlawful discrimination against those engaged in the burial insurance business, violating Section 8 of Article I and Section 8 of Article XI of the Constitution.

Without particular notice of the first objection the court below sustained the second objection. We are so clearly of opinion the first objection is well made that we do not get to the second. The provisions of section

1, in at least two particulars, appear to be without the scope of the caption.

The caption of the Act indicates that those against whom it is directed are to be prohibited from carrying on or operating a funeral home, undertaking establishment, cemetery, or operating as a funeral director. Section 1, among other things, prohibits such persons from carrying on or operating the business of embalming the dead. Embalming is a thing different from carrying on as an undertaker or funeral director. Embalming is an avocation for which a license is required. Code, section 7140. The dead are often buried without embalming. An undertaker is not necessarily an embalmer, nor is an embalmer always an undertaker, although usually employed by undertakers.

Further, the title of the Act indicates that it is to be one prohibiting the persons against whom it is directed from carrying on or operating a cemetery. Section 1 prohibits such persons from owning or operating cemeteries. A cemetery may be owned by those who do not operate it at all. The owners may lease it for operation by others. Or, there being no more space available, or because of police regulations, a cemetery is frequently held and owned without operation at all.

For these reasons, without considering the other criticisms of chapter 33 of the Acts of 1931, we hold that enactment unconstitutional and the judgment of the court below is affirmed.