T. L. SMITH ET AL V. JASPER COUNTY LUMBER COMPANY.
No. 6227.   Decided November 28, 1934.
(76 S. W., 2d Series, 505.)

*Garland Smith,* of Jasper, and *C. A. Lord,* of Beaumont, for plaintiffs in error.

The Court of Civil Appeals erred in holding that the lumber company could prosecute its suit to judgment without making proof as required by statutes of this State that it had a permit to do business in the State of Texas, although its petition contained the allegation that it was a Louisiana corporation with a permit to do business in Texas, and that its place of business was in Jasper, Jasper County, Texas. 11 Texas Jur., 185, sec. 506; Oklahoma Tool Co. v. Daniels, 290 S. W., 727.

There being abundant evidence raising the issue that the plaintiff lumber company had entered upon the land, cut and removed a large portion of the timber and abandoned the land, and, under its deed, had no further right or title to the timber in question, the same had reverted to defendants long before the filing of this suit, the trial court erred in failing to submit to the jury the issue thus raised by the evidence as to whether the plaintiff lumber company had entered upon the land, cut over the timber, and abandoned the land within the terms and provisions of the deed. First National Bank v. Rush, 210 S. W. 521; Gattis v. Kirk, 12 S. W. (2d) 589; Anchor v. Gose, 8 S. W. (2d) 690; Taylor v. Higgins Oil & Fuel Co., 2 S. W. (2d) 288.

It was error to hold that plaintiff lumber company had the full period of fifteen years in which to cut the timber, notwithstanding the further limitation in the deed "that when said grantee (lumber company), his successors or assigns, shall have cut over and abandoned said land one time, the timber then remaining thereon shall revert to the grantors, their heirs and assigns." Temple Lumber Co. v. Arnold, 14 S. W. (2d) 926; Broocks v. Moss, 175 S. W., 791, and authorities there cited.

*Richardson & Lanier,* of Jasper, for defendant in error.

Where the defendant in error's (plaintiff lumber company in trial court) suit is to maintain its title to timber and although its petition discloses the fact that it is a foreign corporation, but does not disclose that the matter of acquiring the title to the timber in question was transacted in Texas, which transaction could have been interstate as well intrastate, the burden was upon plaintiffs in error (defendants below) on their plea of general denial to show by evidence that said transaction was not interstate but intrastate, and having failed to do so waived the defense that the lumber company was a foreign corporation and must prove its right to do business in Texas. Thompson on Corporations, sec. 6684; Union Mortgage Co. v. McDonald, 30

S. W. (2d) 506; Washington-Dean Co. v. Crow, 1 S. W. (2d) 914.

MR. JUDGE RYAN delivered the opinion of the Commission of Appeals, Section B.

Alleging itself to be "a Louisiana corporation with a permit to do business in Texas and with its principal office and place of business in Jasper, Jasper County, Texas", Jasper County Lumber Company filed this suit in the District Court of Jasper County, said State, against T. L. Smith and M. R. Smith, residents of said Jasper County, alleging its ownership of the merchantable timber upon the several tracts of land containing about 408 acres described in the petition, with the right until the 31st day of October, 1937, to enter upon said lands and cut and remove said timber therefrom; that on or about the 20th day of December, 1930, the defendants entered upon said land and cut and removed therefrom approximately fifteen thousand feet of said timber of the value of ten dollars per thousand feet, are threatening to so continue cutting and removing such timber and have notified plaintiff of their intention so to do. It was alleged that the merchantable timber then on said lands amounted to two million feet of the reasonable value of more than $7,500.00. It was also alleged that the defendants are not financially able to respond in damages, that plaintiff has not adequate remedy at law, or other remedy than a writ of injunction to protect its title to and ownership of said timber and prevent the depredation and avowed intentions of defendants to cut and remove the timber.

A temporary injunction was granted by the District Judge.

The prayer was for judgment against defendants for the damages stated aforesaid and for the title and possession of said timber.

The defendants answered by general denial and specially that on October 31, 1922, they executed and delivered to A. J. Peavy, Trustee, a deed to all such merchantable timber, the Jasper County Lumber Company being the present owner, by mesne conveyances, from and under said Peavy, Trustee. Said timber deed contained the following provisions:

1. The grantee, successors or assigns shall have 15 years from that date in which to remove said timber from said lands.

2. After the entry upon said lands and the cutting and removal of the timber therefrom by the grantee, successors or assigns, all their right, title and interest shall revert to grantors, heirs or assigns, except the right of way privileges therein conveyed.

3. When said grantee, successors or assigns shall have cut over and abandoned said land one time, the timber then remaining thereon shall revert to grantors, heirs or assigns.

No proof was offered by either party showing whether or not the Lumber Company, plaintiff below, had a permit to do business in Texas.

Trial was before a jury and at the conclusion of the evidence, the court, upon plaintiff's motion, instructed a verdict (which was returned by the jury) in the following form, "We the jury find for the plaintiff for all the timber sued for," and judgment was rendered in favor of the plaintiff, Jasper County Lumber Company and against the defendants, plaintiff in error here, concluding with the recovery by plaintiff, Jasper County Lumber Company, from the defendants, T. L. and M. R. Smith, of all the merchantable timber on said premises with the right until the 31st day of October, 1937, to enter upon said lands and cut, fell and remove said timber therefrom, and the further recovery of $14.14 as damages for cutting certain timber as above stated.

Said judgment was affirmed by the Honorable Court of Civil Appeals. 46 S. W. (2d) 430.

*First.* It is insisted by plaintiff in error that the Lumber Company having alleged that it was a Louisiana corporation with a permit to do business in Texas, with its principal office and place of business in Jasper County, Texas, was required to make proof of such fact, without which it could not prosecute this suit to final judgment, and having made no such proof, could not recover and the court erred in instructing verdict for and rendering judgment in its favor; also that the evidence conclusively showed that the lumber company was engaged in the business of cutting and manufacturing timber in Jasper County, Texas, and was in fact doing business in this State.

Defendant in error combats that contention with the proposition that it was not necessary to prove its permit to do business in Texas, unless the petition further shows that the cause of action grew out of an intrastate transaction or that the transaction (the purchasing of the timber in this case) out of which the litigation arose was consummated at a time when the foreign corporation's office was located in Texas, and the petition lacking such vice, defendant waives such issue unless raised in the trial court.

Art. 1529, Rev. Stat. 1925, is as follows: "Any corporation for pecuniary profit * * * organized or created under the laws of any other state * * * desiring to transact or solicit business in

Texas, or to establish a general or special office in this State, shall file with the Secretary of State a duly certified copy of its articles of incorporation, and thereupon such official shall issue to such corporation a permit to transact business in this State for a period of ten years from the date of so filing such articles of incorporation, etc."

Art. 1535 provides that either the original permit or certified copies thereof shall be evidence of compliance by the corporation with the statute, and a certificate of the Secretary of State that the named corporation has failed to file in his office its articles of incorporation shall be evidence of its non-compliance with the statute.

Art 1536 is as follows: "No such corporation can maintain any suit or action, either legal or equitable, in any court of this State, upon any demand, whether arising out of contract or tort, unless at the time such contract was made, or tort committed, the corporation had filed its articles of incorporation under the provisions of this chapter."

■ The precise question came before the Supreme Court on certified question in Taber v. Interstate B. & L. Ass'n., 91 Texas, 92. The inquiry of the Court of Civil Appeals was whether it is necessary for a foreign corporation doing business and having a branch office in this State to prove that it had a permit to do business here when the demand arose, the plaintiff having alleged that fact and the defense being a general denial.

In that case the allegation was that "plaintiff is a private corporation duly incorporated and doing business under the laws of the State of Georgia with its principal office and place of business in Columbus, Georgia, and that plaintiff has a branch office at Fort Worth, Tarrant County, Texas, and at the times hereinafter mentioned it had a permit to do business provided by its charter under the laws of the State of Texas."

Judge Brown, speaking for the Court, said, "every state has the right to prescribe the terms upon which any corporation created in another state or foreign country may do business within its limits and may exclude such corporations entirely, with the exception of corporations engaged in interstate commerce or such as are employed by the United States in the transaction of its business. * * * And the legislature having see fit to prescribe as a condition to the maintenance of suits in its courts that such compliance should precede the transaction of business in the State, it follows that the filing of its articles of incorporation with the Secretary of State is a condition pre-

cedent to the maintenance of suit upon any contract or right of action accruing to such foreign corporation; and it being a condition precedent, the fact must be both alleged and proved, to entitle the corporation to judgment in such case."

As pointed out by Judge Dibrell, in Smythe Company v. Ft. Worth Glass & Sand Company, 105 Texas, 8 (at p. 18), 142 S. W., 1157, "a foreign corporation desiring to do either of three things, to transact business, or solicit business, or establish a general or special office in this State, is required to procure a permit."

A foreign corporation must, under that authority, obtain the required permit to do either one or all of said three things. It will not be contended that this suit involves interstate commerce, which as said by Judge Dibrell, is the only limitation upon the power of the State to exact conditions allowing foreign corporations the right to transact or do business within its borders (at p. 14).

We think this case comes within the rule announced in Taber v. Interstate B. & L. Ass'n., 91 Texas, 92, and the burden was on the plaintiff to allege and prove compliance with the statute. City of San Antonio v. Salvation Army, 127 S. W., 860 (w. e. ref.); Southern B. & L. Ass'n. v. Skinner, 42 S. W., 320; Peters v. Anheuser-Busch Brewing Ass'n., 55 S. W., 516; St. Louis E. M. F. Co. v. Beilharz, 88 S. W., 512; Huffman v. Western M. & I. Co., 36 S. W., 306; Turner v. Natl. Cotton Oil Co., 109 S. W., 1112.

A general denial is sufficient to raise the issue and to cast upon the plaintiff the burden of proving affirmatively that it has a permit. Turner v. Nat. Cotton Oil Co., 109 S. W., 1112; North America Service Co. v. Vick Co., 243 S. W., 549, 551; Levinson v. Montrose Oil Co., 240 S. W., 1047; 11 Texas Jur., pp. 184, 185.

Because the company failed to make the necessary proof of its having obtained proper permit to transact business, or solicit business or establish an office in this state, judgment in its favor must be reversed.

The issue of compliance with the statute was an open one, and other assignments of error were passed on by the Court of Civil Appeals, whose decision thereof is complained of here and the correctness of which becomes a vital question in this litigation; we shall therefore remand the case instead of dismissing without prejudice to further proceedings, as was done in Taber v. Interstate B. & L. Ass'n., 91 Texas, 92, and Smythe v. Ft. Worth Glass & Sand Co., 105 Texas, 8.

We are following the procedure in Victor Refining Co. v. City Nat'l Bank, 263 S. W., 622, affirmed by the Supreme Court, 115 Texas, 71, 274 S. W., 561, and in Davy Burnt Clay Ballast Co. v. St. Louis S. W. Ry. Co., 285 S. W., 295.

It can serve no useful purpose to dismiss, necessitating a refiling of the cause, when all issues may be determined on this appeal and proper directions be given on those questions arising on another trial.

*Second.* The clause of the contract that grantee shall have fifteen years from its date in which to remove said timber from said lands, must be construed in connection with the clause that when the grantee shall have cut over the abandoned said land one time, the timber then remaining thereon shall revert to grantors, under which, while grantee had a period of fifteen years to so remove said timber, this period of time would be shortened upon his cutting over and abandoning the land one time. Without this provision in the contract the grantee could enter the land and cut the timber in large or small quantities as often as he pleased, but with it he was limited to one cutting and abandonment of the timber.

There was sufficient evidence (quoted by the Court of Civil Appeals and unnecessary to repeat here) to take the question of abandonment to the jury, although it be conceded that the various cuttings of timber by grantee were not of all the kinds of timber on certain portions of the land, and that under the contract it was not required that all the timber should be cut at one continuous cutting nor that when one kind of timber was cut all the other kinds must be cut at the same time.

■ Deeds of conveyance of standing timber like other contracts must be construed in such manner as to carry out the real intention of the parties; the grantee acquired title to such timber only as may be cut and removed within the time limited. Broocks v. Moss, 212 S. W., 153, (Com. App.); Carter v. Clark & Boice Lumber Co., 149 S. W., 278.

The time limited covered fifteen years from date of the instrument unless abandoned after one cutting.

In Cammack v. R-L Lumber Co., 258 S. W., 488, cited by the Court of Civil Appeals, the contract provided that should it be necessary the said J. H. Riley and W. T. Flowers shall have eight years to cut and remove said timber from said land, "provided, however, that if said land should be cut over and timber removed therefrom at any time before the expiration of said eight years, then in that event all the timber remaining on said land shall revert back to me, the said T. J. Cammack, and

this contract shall cease to operate and be of no force whatever."

■ That contract contained no abandonment clause as does the contract under consideration here; here there must be an abandonment of the land in addition to the cutting of the timber. The extent of the cutting within the contract period was optional with the grantee but when he abandoned the land, whether all or only a portion of the timber had been cut, the clause in question applied. The question of abandonment is one of fact based on competent evidence, to be submitted to the jury. 1 Tex. Jur., p. 13.

The question presented in the trial court was whether the land had been cut over and abandoned, and this issue should, as stated above, have been submitted to the jury.

The judgments of the District Court and Court of Civil Appeals are reversed and the cause remanded for a new trial.

Opinion adopted by the Supreme Court November 28, 1934.