## JENKINS et al. v. PARKERSBURG RIG & REEL CO. et al.

### No. 3101.

Court of Civil Appeals of Texas. El Paso.
Jan. 3, 1935.

Rehearing Denied Feb. 7, 1935.

R. E. Kepke and Saner, Saner & Jack, all of Dallas, for appellants.

Caldwell, Gillen, Francis & Gallagher, of Dallas, for appellee Parkersburg Rig & Reel Co.

Ely Straus, of Dallas, for appellees Rabinowitz.

HIGGINS, Justice.

This is a suit by appellee, Parkersburg Rig & Reel Company, against the appellants up-

on a note executed by the latter in favor of said appellee.

The defendants set up the want of necessary parties in this: That the note was given in payment for certain chattels which were purchased and used in the prosecution of a joint enterprise in which defendants and one Ben Rabinowitz were engaged; that Rabinowitz died January 25, 1932, leaving as his heirs his wife, Rebecca Rabinowitz, and three minor children, whose guardian is the said Rebecca Rabinowitz; that said heirs have acquired and have in their hands the assets of the estate of deceased; that Rabinowitz was, and his heirs are, liable on the note, and his heirs therefore necessary parties defendant. It was prayed said heirs be made parties, and in the alternative the suit be abated and dismissed.

They further answered by general denial and cross-action against said heirs.

The plaintiff excepted to the answer and cross-action.

The heirs answered the cross-action by plea in abatement and exceptions, general denial, and special answer, which need not be detailed.

The court sustained the exceptions of the plaintiff and also sustained the plea in abatement and exceptions of the heirs.

Upon trial a peremptory charge in favor of the plaintiff was given and judgment rendered against the makers of the note, from which they appeal.

### Opinion.

The propositions submitted call for no discussion. It will suffice to state our conclusions disposing of same.

■ Ben Rabinowitz was not liable upon the note because he did not sign the same.

Article 5932, § 18, R. S.; Bolan v. Wrather (Tex. Civ. App.) 239 S. W. 279; Dominion Oil Co. v. Pou (Tex. Civ. App.) 253 S. W. 317; Wood v. Key (Tex. Civ. App.) 256 S. W. 314; Williams v. Kincannon (Tex. Civ. App.) 265 S. W. 925; Batson v. First National Bank of Normangee (Tex. Civ. App.) 60 S.W.(2d) 551; Sheehan v. Hudman (Tex. Civ. App.) 49 S.W. (2d) 953.

■ Rabinowitz, if alive, would not have been a necessary party defendant to the plaintiff's suit. Under no circumstances could his heirs at law be so regarded. Wherefore, the court did not err in sustaining the plaintiff's exception to defendant's pleading which sought to have such heirs joined.

■ If it were conceded the cross-action stated a cause of action for contribution against the heirs, it was within the discretion of the trial court whether, over the objection of the plaintiff, the defendants would be allowed to set up such cross-action and inject into the suit a controversy and issues foreign to the plaintiff's suit. The cross-action would have confused the issues, and it was not necessary to protect the rights, if any, of the defendants against the heirs. The defendants could fully protect their rights, if any, by independent suit. No error is shown in the action of the court in sustaining the plaintiff's exception to the cross-action. 32 Texas Jur. Title Parties, § 57.

■ It was alleged in the cross-action that there was no administration upon the estate of Ben Rabinowitz. The time within which an administration might be opened had not expired. There was no allegation that an administration was not necessary. Such necessity is presumed and the allegations show such necessity. The cross-action does not show any right to maintain an independent suit in the district court against the heirs of the deceased. Webster v. Willis, 56 Tex. 468; Whitmire v. Farmers, etc. (Tex. Civ. App.) 97 S. W. 512.

Wherefore, the exceptions of the heirs to the cross-action were properly sustained.

■ The plaintiff in its petition alleged it was incorporated under the law of West Virginia with a permit to do business in Texas. No proof of such permit was offered.

Upon the record in this case it was unnecessary to make such proof. Oklahoma T. & S. Co. v. Daniels (Tex. Com. App.) 290 S. W. 727; Collins v. Hardeman-King Co. (Tex. Civ. App.) 74 S.W.(2d) 181; Smith v. Jasper Co. (Tex. Civ. App.) 46 S.W.(2d) 430; Gholson v. Wickwire, etc. (Tex. Civ. App.) 46 S.W. (2d) 814; Levy v. National, etc. (Tex. Civ. App.) 66 S.W.(2d) 999; Panhandle Telephone & Telegraph Co. v. Kellog Switchboard & Supply Co., 62 Tex. Civ. App. 402, 132 S. W. 963 (error refused); Barcus v. J. I. Case Threshing Mach. Co. (Tex. Civ. App.) 197 S. W. 478; Fennell v. Trinity Portland Cement Co. (Tex. Civ. App.) 209 S. W. 796; Mendlovitz v. Samuels Shoe Co. (Tex. Civ. App.) 5 S.W.(2d) 559; Swift & Henry Live Stock Commission Co. v. Mounts (Tex. Civ. App.) 295 S. W. 932; Blackwell-Wielandy Co. v. Sabine Supply Co. (Tex. Civ. App.) 38 S.W.(2d) 654; Studebaker Harness Co. v. Gerlach Mercantile Co. (Tex. Civ. App.) 192 S. W. 545; U. O. Colson

Co. v. Powell (Tex. Civ. App.) 13 S.W.(2d) 405.

The variance referred to in the fifth proposition did not mislead or surprise. It was properly disregarded and affords no ground for reversal.

See cases cited in 13 Michie Digest, 1168, 1169.

Affirmed.