## FEDER et al. v. TEXAS BITULITHIC CO. et al.

### No. 3172.

Court of Civil Appeals of Texas. El Paso. March 28, 1935.

Rehearing Granted May 2, 1935.

Harrison, Scott & Rasberry, of El Paso, for plaintiffs in error.

Fred C. Knollenberg and Fulton C. Vowell, both of El Paso, for defendants in error.

PELPHREY, Chief Justice.

On October 17, 1931, the city of El Paso, Tex., levied a special paving assessment against the "John Mulligan Estate, Norma Mulligan and John Mulligan, Jr., as administrators." The property involved was lots 6 to 16, inclusive, of block 21 of Bassett's addition, and it was shown that the estate was owned as follows, to wit: Norma Mulligan, four-eighths interest; John Mulligan, Jr., one-eighth interest; Edward Mulligan, one-eighth interest; Sam Mulligan, one-eighth interest; and Dorothy Mulligan, one-eighth interest.

Certificate was issued to the West Texas Construction Company and thereafter transferred to the Texas Bitulithic Company.

John Mulligan, Sr., was deceased at the time the assessment was levied, but prior to his death it appears that he had borrowed $25,000 from the First Mortgage Company on the property and given a deed of trust to secure such loan. On December 8, 1931, there remained a balance due on said indebtedness of $15,000, and upon such date Norma Mulligan and John Mulligan, Jr., individually and as administrators of the estate of John Mulligan, deceased, Edward Mulligan, Sam Mulligan, and Dorothy Mulligan executed and delivered a series of eleven notes aggregating $15,000, and secured the same by a deed of trust on the property here involved. Thereafter notes Nos. 1 to 6, amounting to $6,000, became the property of the El Paso National Bank, as trustee of the trust estate of Joseph Sterling Price Gaffield; note No. 7, for $1,000, became the property of the El Paso National Bank and F. G. Belk, joint administrators of the estate of E. S. Alex-

ander, deceased; note No. 8, for $1,000, became the property of Edith R. Pfeffer, trustee, of the estate of Kay Marsene Nolan; note No. 9, for $1,000, became the property of the El Paso National Bank as guardian of the estate of Jose Quintana, a person of unsound mind; note No. 10, for $1,000, became the property of the El Paso National Bank as trustee for Ida May Troy and Gertrude E. Troy Zepka; and note No. 11, for $5,000, became the property of N. Feder.

August 18, 1933, this suit was filed with the owners of the estate and the above noteholders named as defendants. The Trotti Motor Company, which held a judgment against Norma Mulligan and D. C. Crowell, J. C. Echlin, and C. M. Irvin, doing business as D. C. Crowell & Co., who had a judgment against the Mulligan Fire Proof Storage Company, Incorporated, Norma Mulligan, John Mulligan, and Sam Mulligan, jointly and severally, were also made parties defendant. These judgments had been abstracted.

John Mulligan, Jr., as administrator and individually, joined by Sam and Dorothy Mulligan, filed an answer containing a general demurrer, a special exception on the ground that defendants in error's petition failed to allege whether or not the claim sued upon had been presented to the administrators, a general denial and a plea in bar alleging that the claim had been presented and rejected and that suit had not been filed within 90 days thereafter. Norma Mulligan, in her representative capacity and also individually, answered in the same manner. D. C. Crowell & Co. filed a disclaimer. N. Feder, Trotti Motor Company, the El Paso National Bank, both for itself and as trustee for Joseph Sterling Price Gaffield, as guardian of the estate of Jose Quintana, and as trustee for Ida May Troy and Gertrude E. Troy Zepka, filed general demurrers and general denials. The El Paso National Bank and F. G. Belk, as administrators of the estate of E. S. Alexander, filed a general demurrer and a general denial, alleged the estate to be the owner of a $1,000 note secured by a lien on the property, denied the validity of defendants in error's lien, and further alleged that the claim had been presented to the administrators and rejected and that suit had not been filed within 90 days thereafter. Edith R. Pfeffer answered to the same effect, and prayed that the lien of defendants in error be canceled as a cloud upon the title of the land involved. J. M. Pollard, trustee for the First Mortgage Company, and the Mortgage Investment Company made default. Defendants in error filed a trial amendment, in which they alleged the estate of John Mulligan, deceased, to be insolvent, and that, because of the conflicting claims to the property, it was necessary that the suit be filed in the district rather than in the probate court. The several exceptions, both general and special, were overruled and judgment rendered foreclosing the lien of defendants in error.

This appeal is from that judgment.

## Opinion.

The three questions presented here are: Was it necessary for the petition to show that the claim here sued upon, properly verified, had been presented to the administrators for allowance or rejection? Was the lien extinguished by the failure of defendants in error to file suit to establish the claim here involved within 90 days from the date of its rejection? And should the suit have been dismissed because of the failure of the evidence to show that the Texas Bitulithic Company had a permit to do business in Texas?

In answer to the first two questions, defendants in error assert that, where the issues and facts involved require the suit to be filed in the district court because of a lack of jurisdiction in the probate court over the conflicting issues and necessary parties, the statute (Vernon's Ann. Civ. St. art. 3522) requiring the claim to be filed within 90 days from its refusal has no application, and therefore the allegations as to the filing and refusal of the claim were unnecessary.

Article 3522 (Vernon's Ann. Civ. St.) provides that, when a claim against an estate has been rejected by the executor or administrator, either in whole or in part, suit thereon may be brought within 90 days after such rejection and not thereafter. These provisions plaintiffs in error contend apply to this case, while defendants in error claim the facts to bring the case within the exception to the general rule that the probate court has exclusive jurisdiction over matters relating to estates and places the jurisdiction in the district court. That such an exception exists in cases where the county court is without power to determine and fix the equities and respective legal rights of the parties appears to be well established. 11 Tex. Jur. § 56, pp. 784, 785;

Weeks v. Goldstein (Tex. Civ. App.) 288 S. W. 540; Gregory v. Ward, 118 Tex. 526, 18 S.W.(2d) 1049. Is this such a case? We think so. The probate court was without power to award a personal judgment against Norma, John, Sam, Edward, and Dorothy Mulligan, as prayed in the petition; it could not adjudicate the priority of liens as between defendants in error. and the holders of the abstracted judgments against various of the heirs. These parties were necessary parties, and therefore the district court had jurisdiction to adjust their equities. The district court having jurisdiction, the statute would have no application.

Where there is nothing in the petition of a corporation to show that it is doing business in Texas in violation of law, a defense based upon the statute (Vernon's Ann. Civ. St. art. 1536) prohibiting them from maintaining suits in our courts must be pleaded, otherwise it is waived. Oklahoma Tool & Supply Co. v. Daniels (Tex. Com. App.) 290 S. W. 727; Smith v. Jasper County Lumber Co. (Tex. Civ. App.) 46 S.W.(2d) 430; Texas Packing Co. v. Railway (Tex. Com. App.) 227 S. W. 1095.

Finding. no reversible error, the judgment is affirmed.

### On Motion for Rehearing.

 We have concluded that we were in error in holding, in our original opinion, that it was not necessary for defendant in error Texas Bitulithic Company to prove that it had a permit to do business in Texas. While it is true that, unless the petition shows that the corporation is doing business in Texas, the fact must be specially pleaded to place upon such corporation the burden of proof as to a permit, yet it is equally true, according to the recent holding of our Commission of Appeals, in Smith et al. v. Jasper County Lumber Co., 76 S.W.(2d) 505, that, .where the petition shows that the corporation has an office in the state, it likewise has the burden of showing the issuance of a permit. The petition in the present case showing the existence of an office. in Texas, the burden was on the Bitulithic Company to prove that it: had been granted a permit to do business in Texas. The record showing that, when the question of the authority to maintain the suit was raised in the trial court, defendants in error's attorney requested a continuance in case the court held

the proof necessary, we shall reverse and remand the case rather than dismiss the suit, as would probably be our duty if defendants in error had had an opportunity to prove up their permit.

Our judgment heretofore rendered is accordingly withdrawn, and the judgment of the trial court reversed and the cause remanded.