## CHESTER v. AMERICAN LAW BOOK CO.

### No. 3050.

Court of Civil Appeals of Texas. Beaumont.
Feb. 25, 1937.

Rehearing Denied March 10, 1937.

502

Sonfield, Sonfield & Murphy and E. M. Chester, all of Beaumont, for appellant.

B. F. Pye, of Beaumont, for appellee.

WALKER, Chief Justice.

This appeal is by writ of error, but the parties will be referred to as appellant and appellee. On the 14th day of January, 1936, appellee, American Law Book Company, recovered judgment in county court of Jefferson county at law against apellant, E. M. Chester, for the sum of $289.-50, being the amount of a check drawn by appellant in favor of appellee on January 1, 1935, for $275, with interest, together with foreclosure of a chattel mortgage lien upon certain law books described in the judgment. In its petition against appellant, appellee alleged that the check was given it by appellant in settlement of a balance due by him on the purchase price of certain law books. Appellant answered by general demurrer, special exceptions, general denial, and specially, that prior to the execution of the check for $275, appellee agreed to. accept from him $175 in settlement of his book account, that appellee was to draw a draft on him for the $175, that he was able, ready, and willing to pay the $175, and pleaded a tender to pay that sum. He pleaded further that though appellee agreed to accept the $175 in settlement of his account, and to draw draft against him for that sum, appellee had failed to draw the draft. He pleaded further facts constituting a "mistake" in the execution of the check sued upon. In his answer, appellant did not plead any controversy as to the amount due by him to appellee as the basis for the settlement in the sum of $175; he pleaded only that it was mutually agreed that he should pay and appellee should accept the $175 in settlement of his account. On the allegations of appellee's petition, the amount of appellant's account exceeded even the $275 check, which, on the allegations of the petition, was accepted in settlement of the account. The trial was to the court without a jury and in the absence of appellant.

Appellant filed the following motion for new trial:

"1. Because the judgment of the court is contrary to the evidence.

"2. Because the judgment of the court is contrary to the law.

"3. Because the defendant has a good and valid defense to said cause of action which he was prevented from making through no fault of his own, he, being on the day of said trial, and for several days prior thereto, confined to his bed with influenza, and unable to attend court.

"Wherefore, defendant prays the court that the judgment of the court be set aside and that he be granted a new trial herein."

—which was overruled; from that order appellant prosecuted his appeal to this court by writ of error.

By his first proposition, appellant asserts that he had a good defense to appellee's cause of action which, by reason of his sickness at the time the judgment was rendered against him, he was prevented from presenting to the court. For the purposes of this opinion, it is conceded that appellant's sickness constituted in equity a good ground, excusing his absence from court when his case was tried, and that his answer should be considered in connection with and as supplementing his motion for new trial. But, on that concession, appellant did not plead a defense good in law to any part of appellee's cause of action. The agreement by appellee to accept the $175 in settlement of appellant's account, for an amount in excess of that sum, was without consideration. Mr. Presiding Judge McClendon, speaking for the Commission of Appeals in American National Ins. Co. v. Teague, 237 S.W. 248, 250, made the following statement of the rule on this point: "The general principle involved in the trial court's ruling upon the first question is that a promise to do what one is already legally bound to do is not a consideration in law. This principle is fundamental in the law of contracts. As applied to the modification of contracts by mutual agreement of the parties, the rule may be stated thus: When

a party has contracted to do a particular thing or to perform a particular service for a sum stated or to be ascertained in a manner fixed, any subsequent agreement by which the rate of compensation is to be enhanced or diminished is without consideration unless the party who is to pay the additional or receive the reduced consideration is in some way compensated, other than as provided in the original contract, for the burden imposed or the detriment suffered by the modification." In 10 Tex.Jur. 141, subject, Contracts, § 82, the general rule is stated as follows: "As a general rule, the payment and acceptance of a sum of money less than the liquidated amount of an indebtedness due in full satisfaction of the debt is without consideration, and does not bar the creditor's suit to recover the balance." There is not a circumstance in the record before us to take this case out of the general rule. See, also, 1 Tex.Jur. 266, subject, Accord and Satisfaction; 9 Tex.Jur. 333, subject, Compromise and Settlement; 9 Texas Digest, subject, Contracts, ⊕237, Consideration for Modification.

■ Appellant's second point against the judgment is that appellee, a foreign corporation, did not plead and prove that it had a permit to do business in the State of Texas. There was no proof on that issue. Appellee's pleadings were as follows:

"That plaintiff is a corporation duly incorporated under and by virtue of the laws of the state of New York with its domicile and principal place of business in Kings County, New York and that the defendant is a resident of Jefferson County, Texas, and for cause of action plaintiff would show unto the Court.

"That heretofore, to-wit, on or about September 26, 1927, defendant executed and delivered to plaintiff a certain order, contract or purchase and chattel mortgage by the terms of which he purchased from plaintiff a set of Corpus Juris with Cyc Volumes to complete the alphabet and annotations, thin paper, buckram binding, U. S. Constitution Annotated, and Quick Search Manual for which he agreed to pay for C.J. Vols. 1 to 43 and 14A, with annotations to and including 1927 edition and U.S. Constitution Annotated and Quick Search Manual the sum of $394.00 and for Cyc Vols. to complete alphabet with Annotations $50.00, * * * and that said books were sold to be shipped from plaintiff's place of business in the state of New York to defendant at Beaumont, Texas."

Appellant answered these allegations only by a general denial. Under the allegations of appellee's petition, it was made to appear affirmatively that the sale of the books by appellee to appellant was an interstate transaction; upon these allegations it was not necessary that appellee make proof of a permit to do business in Texas. Blackwell-Wielandy Co. v. Sabine Supply Co. (Tex.Civ.App.) 38 S.W.(2d) 654; Jenkins v. Parkersburg Rig & Steel Co. (Tex.Civ.App.) 78 S.W.(2d) 694. Appellant relies principally upon Smith v. Jasper County Lumber Co., 124 Tex. 156, 76 S.W.(2d) 505, in support of his proposition, which was reviewed and distinguished in Feder v. Texas Bitulithic Co. (Tex.Civ.App.) 82 S.W.(2d) 724, 726; in that case the court said:

"Where there is nothing in the petition of a corporation to show that it is doing business in Texas in violation of law, a defense based upon the statute (Vernon's Ann.Civ.St. art. 1536) prohibiting them from maintaining suits in our courts must be pleaded, otherwise it is waived. Oklahoma Tool & Supply Co. v. Daniels (Tex. Com.App.) 290 S.W. 727; Smith v. Jasper County Lumber Co. (Tex.Civ.App.) 46 S.W.(2d) 430; Texas Packing Co. v. St. Louis, etc., Railway Co. (Tex.Com. App.) 227 S.W. 1095. * * *

"While it is true that, unless the petition shows that the corporation is doing business in Texas, the fact must be specially pleaded to place upon such corporation the burden of proof as to a permit, yet it is equally true, according to the recent holding of our Commission of Appeals, in Smith et al. v. Jasper County Lumber Co. [124 Tex. 156] 76 S.W.(2d) 505, that, where the petition shows that the corporation has an office in the state, it likewise has the burden of showing the issuance of a permit. The petition in the present case showing the existence of an office in Texas, the burden was on the Bitulithic Company to prove that it had been granted a permit to do business in Texas."

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so orderd.

**Affirmed.**