**COSEY et al. v. SUPREME CAMP OF AMERICAN WOODMEN et al.**

No. 13520.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 26, 1937.

Rehearing Denied April 9, 1937.

John L. Poulter, of Fort Worth, for plaintiffs in error.

Samuels, Foster, Brown & McGee, of Fort Worth, and Geo. T. Burgess, of Dallas, for defendants in error.

SPEER, Justice.

Oneada Cosey, joined by her husband, Walker Cosey, instituted this suit in the Ninety-Sixth district court of Tarrant county against the Supreme Camp of American Woodmen, "a foreign corporation," Lawrence H. Lightner, and Emory Roligan as defendants, in the usual form of trespass to try title and to remove cloud from title to lot No. 13, block 2, McConnell addition to the city of Fort Worth, Tarrant county, Tex.

This appeal is before us on a writ of error and, for brevity, we shall refer to the

parties, in so far as we can, as plaintiffs and defendants, as they appeared in the trial court.

Plaintiffs alleged they were the owners in fee simple of the property above mentioned and in possession thereof; that defendants were asserting some kind of an interest therein, the exact nature of which they did not know; and that such claim annoyed them in the peaceable use and enjoyment of their said home. They prayed for judgment quieting them in the possession, use, and enjoyment thereof.

All the defendants answered by general demurrer and general denial, and the defendant Supreme Camp of American Woodmen pleaded in cross-action against plaintiffs in trespass to try title, and prayed that the title to the property be quieted in it.

In support of that defendant's plea of title, it averred that prior to September 4, 1934, it was the owner and holder of an indebtedness against plaintiffs of $3,674.45, secured by a deed of trust lien on the property in controversy, and that at the maturity of the debt, and upon default of plaintiffs, it had requested the execution of the trust, and that on September 4, 1934, the property was legally sold at public auction by the trustee in the manner provided by law and in the deed of trust, and it became the purchaser thereat, and received a deed from the trustee to the property. The defendant Supreme Camp of American Woodmen pleaded in the alternative that in the event the court should not quiet its title acquired at said sale, its debt and deed of trust lien and asked judgment for the amount due, a foreclosure of its lien, and for general relief; but because of the judgment rendered it becomes unnecessary for us to further consider this alternative plea.

The plaintiff filed a general demurrer to the sufficiency of the pleadings in the cross-action, which was overruled by the court. In addition to the general demurrer, plaintiffs pleaded that the lien asserted by the named defendant was void for the reason it was an extension of a mechanic's and materialman's lien executed by plaintiffs subsequent to the furnishing of materials and performance of labor in the improvement of their homestead.

A jury trial was requested, and at the conclusion of the testimony defendant Supreme Camp of American Woodmen presented to the court, and requested its submission, a motion for peremptory verdict in its favor. This request was refused by the court.

The court submitted only one issue to the jury, it being as follows: "Do you find from a preponderance of the evidence that the mechanic's lien in question was executed and delivered to Brittian and Elliott, prior to the time labor was performed and material furnished for the erection of the building in question?" This issue was answered: "No."

The trial was concluded and the verdict was received by the court on October 28, 1935, and the defendant Supreme Camp of American Woodmen filed its motion for verdict non obstante veredicto on October 31, 1935. On December 5, following its filing, the motion was called to the court's attention and a hearing was set by the court for December 13, and notice and service thereof was duly had, and on December 20 the court sustained the motion, set aside the verdict of the jury, and rendered judgment against plaintiffs and in favor of the defendant Supreme Camp of American Woodmen for the title of the property in controversy.

The plaintiffs timely filed their motion for new trial, and upon being overruled, they perfected their appeal by writ of error to this court for review.

There is no statement of facts on file, and therefore nothing is presented to us by plaintiffs of which we may take cognizance other than fundamental error, which may be said to be in this case, (a) the action of the court in overruling plaintiffs' general demurrer to the sufficiency of defendant's petition in cross-action, and (b) was the motion of defendant for judgment non obstante veredicto sufficient to authorize the court to take notice of it? These matters are determinable solely from the pleadings, and the motion itself. This principle is so well settled in this state that it has become axiomatic. Sowers v. Yeoman, 62 Tex.Civ.App. 188, 129 S.W. 1153; Day v. Gulf, C. & S. F. Ry. Co. (Tex.Civ.App.) 297 S.W. 501; Hoyle & Rarick Clothing Co. v. Hand (Tex.Civ.App.) 21 S.W.(2d) 1109; Baldwin v. Motor Inv. Co. (Tex.Civ.App.) 89 S.W.(2d) 1076.

By one assignment of error, in which they claim to present fundamental error in this record, plaintiffs complain of the action of the trial court in overruling their general demurrer to the petition in cross-action by the Supreme Camp of American

Woodmen, and by a proposition thereunder the reason given is because the pleadings did not allege that defendant had procured a permit to transact business in this state.

■ The plaintiffs alleged defendant Supreme Camp of American Woodmen was a "foreign corporation." No allegation appears in that defendant's pleadings which in any way refers to whether it is a foreign or Texas corporation. It answered, generally, in the capacity in which it was sued, and filed its cross-action in the same way. We think, therefore, in so far as its right to recover on the cross action is concerned, the same rule would apply as if it had instituted the suit alleging it was a foreign corporation.

■ Rev.Civ.Statutes, art. 1531 and art. 1536, as amended by Acts 1931, c. 158, § 1 (Vernon's Ann.Civ.St. art. 1536), are controlling in this matter. These articles of our statutes have been discussed many times by the courts, and we think it well settled that unless a pleading discloses the transaction is one of intrastate business, or that the corporation has established a general office in this state, it is not required to either allege or prove it had obtained such permit. We had a similar question before us in the case of Barton et al. v. Kansas City Life Ins. Co., 98 S.W.(2d) 836, in which we discussed these principles, and there cited as applicable to the rule the following authorities: Washington-Dean Co., Inc., v. Crow Bros. (Tex.Civ.App.) 1 S.W.(2d) 914; New State Land Co. v. Wilson (Tex.Civ.App.) 150 S.W. 253; Crews & Williams v. Gin Co. (Tex. Civ.App.) 189 S.W. 793; Crisp v. Brewing Co. (Tex.Civ.App.) 212 S.W. 531; Oklahoma Tool & Supply Co. v. Daniels (Tex. Com.App.) 290 S.W. 727, 728.

The court said in the Washington-Dean Company Case, supra: "But, if the petition does not disclose that the plaintiff is engaged in business in this state, or that the demand did not arise from an intrastate transaction, then the plaintiff need not allege that it has obtained the permit, in order to avoid the force of a general demurrer."

In the case of Oklahoma Tool & Supply Co. v. Daniels, supra, it appeared that the corporation's petition did allege it was a foreign corporation and had obtained a permit to transact business in Texas, but did not allege any fact which would render it necessary that it procure such permit. In view of this, the court said: "Un-

der such circumstances, there being no plea of the statute by the defendants, there was no such issue in the case. The allegation of a compliance is surplusage. * * * Barcus v. J. I. Case Threshing Machine Co. (Tex.Civ.App.) 197 S.W. 478."

We think the case of Smith v. Jasper County Lumber Co., 124 Tex. 156, 76 S. W.(2d) 505, 507, cited by plaintiffs in support of their contention, is easily distinguishable from the authorities cited by us on the point. In the Smith Case, allegation was made by plaintiff that it was a foreign corporation and had established its principal office and place of business in Jasper county, Tex. The petition further disclosed the controversy was over the cutting of timber on lands in that county, that is, the transaction out of which the controversy arose was intrastate business. The court said in the opinion: "It will not be contended that this suit involves interstate commerce." No proof was offered to show the corporation had obtained the permit. Under those circumstances the court held it was error for the trial court to instruct a verdict in favor of the corporation.

■ In the case at bar, there is nothing in the pleadings of either party to indicate the transaction out of which the suit grows took place in this state, nor that any matter of intrastate commerce was involved, and under the authorities cited by us, even though it had alleged it was a foreign corporation, and had gone further and alleged it had obtained the permit, such allegations would have been surplusage and would have required no proof to sustain them. Under no construction of the pleadings could it be said that there was an allegation that a permit to transact business in Texas had been obtained, and in the absence of allegations elsewhere that the transaction involved intrastate matters, there was no error in the court overruling the general demurrer. The assignment must be overruled.

■ Another assignment of error urged by plaintiffs, and which we believe is proper for us to consider under the condition of the record before us, complains of the sufficiency of the motion of defendants for judgment non obstante veredicto. It is urged that the motion did not sufficiently apprise the court and the plaintiffs of the grounds therefor and did not state the reasons why the same should be granted. No complaint is made of the nature of the

notice given nor the time and manner in which it was served.

Omitting the style and number of the cause and signature of counsel thereto, the motion reads:

"Now comes the defendant, Supreme Camp of American Woodmen of Denver, Colorado, and moves the Court to render judgment herein in its favor, non obstante veredicto, for the title to and possession of the real property in controversy, or in the alternative, for its debt, principal and interest, attorney's fees and taxes, and the establishment and foreclosure of its lien upon the property because:

"A directed verdict in favor of said defendant for the title to and possession of the real property in controversy, or in the alternative, for its debt, principal, interest and attorney's fees and advances of taxes and the establishment and foreclosure of its liens would be proper, and the court should have directed a verdict for this defendant;

"Because under the evidence and the law, the plaintiff has no issue of fact to go to the jury, and the defendant, Supreme Camp of American Woodmen, established both as a matter of law and fact, a right to recover herein;

"Wherefore, defendant prays that reasonable notice of the filing hereof and the date it will be entertained by the court be given plaintiffs, and that upon a hearing the court render a judgment herein for this defendant non obstante veredicto."

This motion was filed October 31, 1935, and the judgment of the court, entered on December 20, 1935, relating thereto, recites: "And the court on December 5, 1935, having set the motions of said defendant Supreme Camp of American Woodmen down for hearing on December 13, 1935, and notice of such setting having been given to the attorneys for the plaintiffs, towit, M. B. Harris and John Poulter, and on December 13, 1935, there appearing in open court the said M. B. Harris and John Poulter, attorneys for plaintiffs, and Jesse M. Brown and George T. Burgess, attorneys for defendant, Supreme Camp of American Woodmen, and said motions of the defendant Supreme Camp of American Woodmen, to set aside the special jury findings and to render judgment herein for said defendant against the plaintiffs non obstante veredicto and to set aside the judgment of the court and verdict of the jury,

coming on to be heard * * * and the court being further of the opinion that a directed verdict for the defendant Supreme Camp of American Woodmen, against the plaintiffs for the title to and possession of the property would have been proper, and that judgment should be rendered herein for defendant, Supreme Camp of American Woodmen, against the plaintiffs for title to and possession of the property in controversy."

The judgment and decree of the court concluded in accord with the findings thus recited.

In the case of Hines et al. v. Parks et al., 96 S.W.(2d) 970, 973, the Commission of Appeals, speaking through Judge German, gave a very definite and helpful discussion of a proper construction of article 2211, Rev.Civ.Statutes, as amended by Acts 1931, c. 77, § 1 (Vernon's Ann.Civ.St. art. 2211), as it now stands. The question there discussed, however, was more especially as to the notice required in such cases. As applicable to the case before us it was there said: "We deem it proper to say that in all cases where the trial court has disregarded a finding of the jury, the judgment should recite the filing of proper motion, that reasonable notice thereof was given, that a hearing was had, and that the parties appeared in person or by attorneys; and it should declare the action of the court on the motion, as well as the entry of judgment after disposition of the motion. In such case the usual presumptions which accompany a regular judgment would be available."

The motion as made was sufficient in form and was set down for a hearing and notice given and the parties appeared at the time set by the court and a hearing was had; the motion was sustained by the court with a finding that a peremptory instruction for defendant Supreme Camp of American Woodmen should have been given. All of these things were recited in the judgment rendered. In the absence of a statement of facts, we cannot say whether the evidence was such as to warrant the conclusions reached by the trial court, or not. But the presumption prevails in favor of the judgment and we cannot disturb it. There is no merit shown in the assignment and it is overruled.

There has been no fundamental error called to our attention by plaintiffs other

than the points discussed, and we have found none.

The judgment of the trial court is therefore affirmed.