### ANTHONY MILLER, Inc., v. TAYLOR-FICHTER STEEL CONST. CO., Inc.

### No. 3632.

Court of Civil Appeals of Texas. Beaumont.
March 22, 1940.

Rehearing Denied April 10, 1940.

Alto V. Watson, of Port Arthur, Chas. S. Pipkin, of Beaumont, and Conlen, La-Brum & Beechwood, and George E. Beechwood, all of Philadelphia, Pa., for appellant.

Orgain, Carroll & Bell, of Beaumont, and K. W. Stephenson, of Orange, for appellee.

WALKER, Chief Justice.

This case was heard in the court below on the pleadings. The judgment sustained the plea in abatement filed by appellee, Taylor-Fichter Steel Construction Company, Inc., to the petition of appellant, Anthony Miller, Inc. The plea in abatement made the issue that appellant, a foreign corporation, was transacting business in Texas without the permit required by Article 1529, Vernon's Ann.Civ.St.: *"Permit.* Any corporation for pecuniary profit, except as hereinafter provided, organized or created under the laws of any other State, or of any territory of the United States, or of any municipality of such State or territory, or of any foreign government, sovereignty or municipality, desiring to transact or solicit business in Texas, or to establish a general or special office in this State, shall file with the Secretary of State a duly certified copy of its articles of incorporation; and thereupon such official shall issue to such corporation a permit to transact business in this State for a period of ten years from the date of so filing such articles of incorporation."

We give the following summary of appellant's petition:

(1) Appellant is a private corporation, organized and existing under and by virtue of the laws of the State of New Jersey, with its principal office in the State of New Jersey. Appellee is a Delaware corporation, with an office and agent in Jefferson County, Texas. On May 1, 1938, and since that time, appellee was and is the principal contractor for the erection of the Neches River bridge, over the Neches River in the State of Texas.

(2) Between the dates of May 1, 1938, and July 27, 1938, appellant was not engaged in nor had it ever been engaged in the transaction of business in the State of

Texas, nor had it had either a general or special office in the State of Texas. Between these dates, appellee, acting by and through its agents thereunto duly authorized, made certain false and fraudulent misrepresentations of fact and concealment of facts to appellant in the City of New York and State of New York to induce appellant to enter upon and undertake a contract with defendant for the cleaning, scraping and painting of the Neches River bridge, located across the Neches River, a navigable stream between Jefferson County and Orange County, Texas, Appellant, relying on the misrepresentations and fraudulent concealments of appellee, on July 7, 1938, in the City of New York, in the State of New York, entered into a contract with defendant for the cleaning and painting of said bridge. The misrepresentations and fraudulent concealments were of material facts made by appellee to appellant for the purpose of inducing appellant to rely thereon and to act thereon to its detriment. Appellant did act and rely thereon to its detriment; the representations by appellee to appellant were false and known to be false by appellee at the time they were made; but appellant did not know that they were false. By reason of these misrepresentations appellant was induced to execute the contract to do the work outlined above.

(3) The contract entered into between appellant and appellee was subject to the approval of the State Highway Commission of the State of Texas and the federal P. W. A. Directors; appellee, through S. D. Kapelsohn, obtained such permission and approval of said contract. On or about August 1, 1938, appellant "for the first time" entered upon the performance of its contract with appellee.

(4) When the conditions falsely represented to appellant came to its attention, appellant called them to the attention of appellee; thereupon appellee, both in the State of Texas and in the City and State of New York, from time to time during the period from August, 1938, to December, 1938, promised appellant, as an inducement to it to furnish the material and to continue to perform the work, to pay for all costs of material to be furnished and for labor to be performed and expenses incurred, plus a profit, and to meet and comply with the warranties upon which the original contract was executed. Appellant, relying on these promises and inducements, continued to furnish the labor and material and to perform the work; finally appellant demanded of appellee that the agreements and promises thus orally made in the State of Texas and the City and State of New York, be reduced to writing, which appellee refused to do. Because of the failure on the part of appellee to contract in writing to pay on a cost plus basis, and because it refused to perform the conditions agreed upon orally, appellant discontinued work on the bridge at the close of the working day on January 25, 1939. Appellant entered on the work in August, 1939, on the Neches River bridge in Texas, and discontinued work at the close of the working day on January 25, 1939.

## Opinion.

No point is made that Article 1529, supra, and also Articles 1536 and 2031a, do not control this case. The point at issue is one of procedure. In answer to the plea in abatement, was appellant required to plead and prove that it had a permit to do business in Texas; or, in support of its plea in abatement, was appellee required to offer proof that appellant did not have a permit? The court heard no evidence, but determined, as a matter of law on the allegations of the petition, that appellant's cause of action, if any it had, was not justiciable in the courts of this state, and dismissed the suit. It is appellant's point that its petition did not affirmatively allege a transaction within Article 1529, and, therefore, appellee should have supported its plea in abatement with proof. It is our conclusion that the court correctly sustained the plea in abatement, and that appellant's proposition should be overruled.

The original contract for painting, scraping, cleaning, brushing, etc., the Neches River bridge was executed on the 7th day of July, 1938, by appellant in the City and State of New York, induced by fraudulent representations made to appellant by appellee in the City and State of New York. On the theory that these allegations constituted a cause of action, appellant plead for the cancellation of the original contract, invoking the local forum on principles of comity. The fact that the contract was induced by fraud, standing alone, did not give appellant a cause of action for cancellation. It was required also to allege that it had suffered substantial damages as a proximate result of the fraud. Russell v. Industrial Transport Co., 113 Tex. 441, 258 S.W. 462. In its

petition, appellant recognized the soundness of this proposition by pleading substantial damages as the proximate result of the alleged fraud; in its brief it makes this statement: "The injury suffered by plaintiff is set out as a necessary element of plaintiff's action, but no recovery is sought therefor." So, appellant's cause of action for cancellation consisted (a) of the fraud inflicted upon it by appellee in the City and State of New York, and (b) of the damages suffered by it in Texas as a proximate result of its attempt to execute the contract in Texas.

The effort of appellant to execute the contract in Texas constituted doing business in Texas, within the meaning of Article 1529. When the contract was executed in the City and State of New York, it reasonably appears from the allegations of the petition that the parties contemplated that it would take many months for its due execution; appellant was engaged in its execution from August, 1938, to the 25th day of January, 1939, and then abandoned the work before it was completed. In S. R. Smythe Co. v. Ft. Worth Glass & Sand Co., 105 Tex. 8, 142 S.W. 1157, 1159, our Supreme Court held that similar facts constituted doing business in Texas. The court said: "It is immaterial where the agreement was made, whether in Texas or in Pennsylvania. Its performance was to be had in Texas." Under that case, clearly the work appellant was required to do on the Neches River bridge constituted doing business in Texas, business it could not transact without a permit under Article 1529. On the allegation of appellant's petition, to maintain its cause of action in the courts of this State, it was required to allege affirmatively that it had a permit. The only answer to the plea in abatement was for appellant to amend its petition and plead a permit. When it refused to meet the issue made by the plea in abatement, as a matter of law on the construction of the petition, the lower court correctly ruled that appellant's cause of action was not justiciable in the courts of this state. See also Smith et al. v. Jasper County Lbr. Co., 124 Tex. 156, 76 S.W.2d 505, and the many authorities therein cited.

We have discussed the issues presented by appellant on its theory that its cause of action was for the cancellation of the contract executed in the City of New York on the 7th day of July, 1938, that being the only theory presented by its brief. But the cancellation of the contract of the 7th day of July, 1938, is not the case plead by appellant. After pleading the execution of the original contract, appellant plead further that, to make the contract binding, it was necessary for it to be ratified by the Highway Department of the State of Texas, or its engineer, and that appellee secured this ratification. It plead further that, after it entered upon the execution of the original contract and after it discovered the fraudulent acts of appellee, the original contract was amended by subsequent oral conditions, agreed to by both appellant and appellee, partly in the State of Texas and partly in the City and State of New York. So, the original contract was no longer binding upon the parties but the parties were bound by the new contract entered into orally. The damages suffered by appellant accrued in Texas. All these facts affirmatively appear on the face of the petition; and, therefore, to have any standing in the courts of this State, as against the issues of law made by the plea in abatement, appellant was required to plead affirmatively that it had a permit to do business in Texas. Authorities last above cited.

Appellant prayed only for cancellation of the original contract. We overrule its proposition that "any demand" as used in Article 1536: "No such corporation can maintain any suit or action, either legal or equitable, in any court of this State upon any demand, whether arising out of the contract or tort, unless at the time such contract was made, or tort committed, the corporation had filed its articles of incorporation under the provisions of this chapter." means a demand for damages or something due, and does not comprehend within its meaning a cause of action for cancellation. An action to cancel a contract constitutes a demand in equity. Article 1536 is broad enough, in our judgment, to cover an equitable demand to cancel a contract, and bars the right if the foreign corporation, suing as plaintiff, has not secured the necessary permit to do business in Texas.

The judgment of the lower court is affirmed.

Affirmed.